# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET A. BULANDA, individually and as Special Administrator of the Estate of John R. Oliphant, Sr., Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 1682 |
| v. | ) ) | Hon. Amy J. St. Eve |
| A.W. CHESTERTON COMPANY, a corporation, CBS CORPORATION, a corporation, GREENE, TWEED & CO., a corporation, JOHN J. MORONEY & COMPANY, a corporation, MIDWEST GENERATION EME, L.L.C., a corporation, PAUL J. KREZ COMPANY, a corporation, RAPID AMERICAN CORPORATION, a corporation, & TEXACO, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant, Greene, Tweed, & Company ("Greene" or "Defendant"), has filed a motion to dismiss the First Amended Complaint of Plaintiff, Margaret A. Bulanda ("Bulanda" or "Plaintiff"). (R. 16.) For the reasons stated below, the Court grants Defendant's motion to dismiss, without prejudice.

## BACKGROUND

Bulanda, acting individually as special administrator on behalf of the estate of John R. Oliphant, Sr., ("Decedent"), has brought a negligence and wrongful-death action against a

number of corporations, which include Defendant Greene, Tweed, & Company ("Greene" or "Defendant"). (R. 9.) Bulanda contends that Defendants negligently caused Decedent to work with, and be exposed to, asbestos through their products and premises. (*Id.* at 3-5.) She alleges that Greene is liable for negligence under a products-liability theory and for wrongful death. (*Id.* at 2-5.)

Greene has filed a motion to dismiss, arguing that the First Amended Complaint ("the Complaint") does not give rise to a plausible right to relief because it "fails [to] identify any specific Greene Tweed & Co. product(s) to which Plaintiff was allegedly exposed[.]" (R. 16 at 1.) Greene further submits that, because the Complaint fails to explain how Defendant's products contributed to, or caused, Decedent's injuries and subsequent death, it does not state a products-liability claim under Federal Rule of Civil Procedure 8. (*Id.* at 2.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit has explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities[.]" *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Additionally, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (holding that the court construes complaints in the light most favorable to the plaintiff, drawing all possible inferences in the plaintiff's favor).

## ANALYSIS

### I. The Complaint Fails to State a Claim Under Rule 8

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Defendant contends that the Complaint fails to meet this standard because it does not link any particular product with Greene or even allege that any particular product of Greene caused, or contributed to, his injuries. (R. 16 at 2.) Greene maintains that "Plaintiff instead attempts to group Greene . . . into a group of other manufacturers, miners and/or sellers of 'asbestos products.' This is precisely the type of vague, 'defendant-unlawfully-harmed me accusation' that the Supreme Court has condemned." (*Id.* at 3 (quoting *Iqbal*, 129 S. Ct. at 1937.) The Court agrees.

The Complaint is devoid of factual allegations regarding Greene's conduct, which allegedly renders the company liable for negligence and wrongful death. Other than in the first paragraph, where it lists all of the Defendants by name, the Complaint makes no distinct

3

reference to Greene. Instead, it makes a number of generic allegations as to the Defendants collectively. (R. 9 at *passim*.) Those allegations that do exist are either legal conclusions or recitations of the elements of the relevant cause of action. *See Iqbal*, 129 S. Ct. at 1949 ("[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 545.) The Complaint makes no reference to the identity of "the asbestos products and/or asbestos equipment" that Greene allegedly "sold, manufactured, mined, distributed, packaged, installed, or otherwise placed into commerce[.]" (R. 9 at 2.)

Bulanda's response in opposition to Greene's motion to dismiss states that "Exhibit B to Plaintiff's Complaint . . . shows how and when Plaintiff came into contact with asbestos dust or fibers by specifying work locations and the dates Plaintiff worked at said locations." (R. 19 at 2.) Exhibit B, however, merely provides that Decedent's worked at two locations—the "Joliet 9 Power Station" and "Texaco Refining & Marketing" in Joliet, Illinois, and Lockport, Illinois, respectively—from 1963 to 1994. (R. 9-2 at 1.) This exceedingly limited information casts no light on the manner in which Greene allegedly harmed Decedent. It thus follows that the Complaint does not meet the requirements of Rule 8. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010) ("There are no special pleading requirements for products liability claims in general.").

With respect to product-liability cases, it is true that the Seventh Circuit recently observed that "district courts must keep in mind that much of the product-specific information about manufacturing needed to investigate such a claim fully is kept confidential by federal law. Formal discovery is necessary before a plaintiff can fairly be expected to provide a detailed statement of the specific bases for her claim." *Id.*; *see also Bennett v. Schmidt*, 153 F.3d 513,

519 (7th Cir. 1998) (holding that "litigants are entitled to discovery before being put to their proof."). These instructions warn district courts to be cautious in dismissing complaints that allege products liability without providing significant detail as to the nature of the defects underlying the relevant products. The Seventh Circuit's remarks, however, do not suggest that dismissal under Rule 12(b)(6) is inappropriate where a complaint in a product-liability case fails to allege sufficient facts to demonstrate a plausible right to relief. Indeed, in *Bausch*, the complaint identified what it alleged to be Defendant's unreasonably dangerous product, and alleged a host of other relevant facts. *Bausch*, 630 F.3d at 558-59. The defendants' principal objection to the complaint was that it did "not specify the precise defect or the specific federal regulatory requirements that were allegedly violated." *Id.* at 560. The Seventh Circuit remarked that, "[a]lthough the complaint would be stronger with such detail, we do not believe the absence of those details shows a failure to comply with Rule 8 . . . or can support a dismissal under Rule 12(b)(6)." *Id.* The Complaint in the present case, of course, does not provide factual allegations even remotely approaching this level of detail. Indeed, it does not even identify the allegedly offending product that Greene manufactured, sold, or distributed.

*Bausch* therefore supports the Court's finding that the Complaint fails to state a claim. In the former case, and unlike the Complaint in this case, "[t]he original complaint served the purposes of Rule 8 of giving the defendants fair notice of the nature of the claim against them and of stating a claim for relief that was 'plausible on its face' as required by *Iqbal* and *Twombly*." *Id.* at 559.

## II. The Court Dismisses the Complaint Without Prejudice

"As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *Bausch*,

630 F.3d at 562. "District courts routinely do not terminate a case at the same time they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Although the Complaint fails to state a claim under Rule 8, amendment would not clearly be futile. The Court therefore declines to dismiss the Complaint with prejudice.

## CONCLUSION

For the preceding reasons, the Court grants Greene's motion to dismiss, without prejudice.


Dated: June 7, 2011

                              **ENTERED**

                              *[signature]*

                              **AMY J. ST. EVE**
                              **United States District Court Judge**